# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**SPARTAN MINING COMPANY,**
**Employer Below, Petitioner**

**FILED**

November 1, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0928** (BOR Appeal No. 2052753)
(Claim No. 2016021952)

**LARRY HATFIELD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Spartan Mining Company, by Counsel Sean Harter, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review").[1]

The issues on appeal are medical benefits and temporary total disability benefits. The claims administrator denied a request for referral to pain management on January 30, 2017. In two separate Orders dated March 6, 2017, the claims administrator closed the claim for temporary total disability benefits and denied a request for physical therapy. The Office of Judges reversed the decisions in its March 5, 2018, Order, authorized pain management and physical therapy, and granted temporary total disability benefits. The Order was affirmed by the Board of Review in its Order entered on September 24, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hatfield, a shuttle car driver, was injured in the course of his employment on February 25, 2016, when a large rock fell on his left foot. The rock had to be removed from his foot with a pry bar. A treatment note from Raleigh General Hospital Emergency Department that day indicates Mr. Hatfield reported that a large rock fell on his foot in the coal mines. A CT scan showed minimally displaced fractures of the first through fourth metatarsals, a fracture in the planar margin

---

[1] A response was not filed on behalf of Mr. Hatfield.

of the cuboid, and a questionable, tiny fracture in the plantar surface of the lateral cuneiform. Mr. Hatfield also completed a report of injury that day.

Mr. Hatfield was treated for the compensable injury by Blake Weeks, D.P.M. On March 1, 2016, Dr. Weeks indicated Mr. Hatfield fractured the second, third, and fourth metatarsals of his left foot. He also had a chip fracture of the lateral cuneiform. Dr. Weeks diagnosed metatarsal bone fractures, swelling of the left foot, crush injury, acute foot pain, and a blister. He recommended a compression splint and a bone stimulator. On March 8, 2016, he placed Mr. Hatfield in a boot. Mr. Hatfield returned on March 15, 2016, and reported decreased foot swelling but stated that he had foot and calf pain. The claim was held compensable for fractures of the second, third, and fourth metacarpals of the left foot and fracture of the left lateral cuneiform.

Dr. Weeks applied a cast to Mr. Hatfield's foot on March 29, 2016. The following day, he noted that Mr. Hatfield would be temporarily and totally disabled from March 1, 2016, through May 2, 2016. On April 12, 2016, Dr. Weeks put Mr. Hatfield in a short leg splint. He was still reporting moderate pain and tingling. His symptoms remained unchanged on April 26, 2016, and Dr. Weeks recommended a CAM walker and suggested Mr. Hatfield begin weight bearing as tolerated. On April 29, 2016, Dr. Weeks stated that Mr. Hatfield was temporarily and totally disabled until July 15, 2016. Mr. Hatfield reported no improvement and continued tingling in his left leg/foot on May 10, 2016.

On June 24, 2016, Dr. Weeks completed an attending physician's report stating that Mr. Hatfield was temporarily and totally disabled until December 30, 2016. Dr. Weeks performed a left foot fusion, Lisfranc fusion, intercuneiform fusion, and a left third tarsometatarsal joint arthrodesis on August 5, 2016. The pre- and post-operative diagnoses were left foot first tarsometatarsal joint arthritis, a left Lisfranc fracture dislocation, intercuneiform osteoarthritis of the left foot, and a third metatarsal dislocation of the left foot.

Mr. Weeks underwent physical therapy. On October 20, 2016, he reported that he could not move his toes, his left foot pain was aggravated by movement, and he had decreased range of motion and strength in the left foot. Mr. Hatfield returned to Dr. Weeks on November 21, 2016, and reported increased pain in his fifth left toe after striking it on a bed. Dr. Weeks diagnosed left foot phalanx fracture, status post foot surgery; edema of the left foot; crush injury; acute left foot pain; blister; routine healing of left foot metatarsal fractures; neuralgia; and plantar fasciitis. On November 21, 2016, Dr. Weeks recommended continued physical therapy and gait training. On November 29, 2016, he completed an attending physician's report stating that Mr. Hatfield was temporarily and totally disabled until January 30, 2017. On December 19, 2016, Dr. Weeks noted that Mr. Hatfield was making slow progress in physical therapy and had improved 50%.

Marsha Bailey, M.D., performed an independent medical evaluation on January 9, 2017, in which Mr. Hatfield reported poor balance, occasional falls, an inability to walk without the CAM walker, decreased bilateral hip range of motion, and reduced activities of daily living. Dr. Bailey noted that sensory examination was inconsistent in both legs and that the left leg strength was reduced at a level that was not consistent with his ambulation. Mr. Hatfield had left calf atrophy and reduced range of motion in the left foot. Dr. Bailey diagnosed chronic left foot pain

2

and found Mr. Hatfield to be at maximum medical improvement. She opined that his subjective complaints far outweigh the objective findings and that there is no medical explanation to support his complaints of lack of balance and inability to move his left ankle and toes. Dr. Bailey assessed 5% whole person impairment for calf atrophy. She noted that the range of motion measurements for the left extremity were invalid.

Mr. Hatfield returned to Dr. Weeks on January 10, 2017, and reported significant pain during physical therapy. He was still using crutches. Dr. Weeks diagnosed crush injury, healed left toe fractures, foot swelling, acute foot pain, neuralgia, and plantar fasciitis. Dr. Weeks recommended long term pain management and stated that Mr. Hatfield should remain off of work. On February 2, 2017, Dr. Weeks indicated Mr. Hatfield's symptoms remained unchanged. He recommended a transfer to a pain management physician but the request was refused because his pain was found to be unrelated to the compensable injury. Dr. Weeks disagreed and stated that all of Mr. Hatfield's pain is related to the compensable injury. Dr. Weeks wrote a letter on March 22, 2017, stating that Mr. Hatfield requires authorization for physical therapy because he had not yet reached maximum medical improvement. If he does not continue therapy, Dr. Weeks stated that his condition may decline.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on May 9, 2017, in which he noted that Mr. Hatfield's only symptom was balance issues with the left foot. On examination, he had reduced range of motion in the left ankle and foot. Dr. Mukkamala noted that Mr. Hatfield had atrophy of the left calf and walked with a limp. Dr. Mukkamala found that he had reached maximum medical improvement. He opined that Mr. Hatfield showed a significant degree of symptom magnification. He stated that physical therapy and pain medication are not reasonably required treatment for the compensable injury. Dr. Mukkamala concurred with Dr. Bailey's findings and conclusions.

In a June 29, 2017, treatment note, Dr. Weeks stated that Mr. Hatfield was progressing well with weight-bearing but still had some balance issues. On August 3, 2017, Mr. Hatfield reported the new symptom of left heel pain that had been present and progressively worsening for ten weeks. Dr. Weeks recommended injections, exercises, and physical therapy. On August 31, 2017, Mr. Hatfield had a new complaint of first metatarsophalangeal joint pain. His heel pain had improved. Dr. Weeks reported that Mr. Hatfield's joint pain had improved approximately 75% on October 5, 2017. He again recommended physical therapy and injections.

The claims administrator denied a request for referral to pain management on January 30, 2017. On March 6, 2017, in two separate decisions, it closed the claim for temporary total disability benefits and denied a request for physical therapy. The Office of Judges reversed the decisions in its March 5, 2018, Order, authorized pain management and physical therapy, and granted temporary total disability benefits.

The Office of Judges found that Mr. Hatfield sustained a significant injury to his left leg and foot. He underwent conservative treatment and when that failed, surgery. He was treated by Dr. Weeks, a foot/ankle specialist, who saw him several times for the compensable injury. Dr. Weeks consistently documented Mr. Hatfield's pain and balance issues. The Office of Judges

found that Dr. Weeks's treatment recommendations of continued physical therapy and pain management are reasonable and supported by the evidentiary record. The Office of Judges noted that the employer argued Mr. Hatfield is faking his symptoms. However, the Office of Judges found that he sustained a serious injury and had numerous treatment sessions with Dr. Weeks. The Office of Judges further found that Drs. Bailey and Mukkamala both documented left calf atrophy in their evaluations. Atrophy is an objective sign that Mr. Hatfield has difficulty moving his left foot/ankle. Additionally, Dr. Mukkamala admitted in his evaluation that Mr. Hatfield needs ongoing treatment in the form of a home exercise program. Dr. Weeks recommended formal physical therapy. The Office of Judges found that the medical record adequately explains why Mr. Hatfield needs continued treatment. Lastly, the Office of Judges stated that the employer argued that Dr. Weeks is treating noncompensable conditions. The Office of Judges found the argument to be without merit. Mr. Hatfield has walked with an altered gait since the injury occurred, which causes some discomfort in other parts of the foot/ankle. Based on a preponderance of the evidence, the Office of Judges concluded that the requested physical therapy and referral to pain management should be authorized.

The Office of Judges further found that the claim was improperly closed for temporary total disability benefits. It determined that Dr. Weeks wrote on several occasions after Dr. Bailey's evaluation that Mr. Hatfield was not at maximum medical improvement. The medical evidence shows ongoing treatment both before and after the claim was closed for temporary total disability benefits. Further, Dr. Weeks noted that Mr. Hatfield was making slow progress. The Office of Judges found that he has ongoing symptoms of leg lower extremity pain and reduced range of motion. It further determined that Drs. Bailey and Mukkamala documented calf atrophy but then glossed over Mr. Hatfield's continued symptoms. Because he requires ongoing treatment for the compensable injury, the Office of Judges reversed the claims administrator's closure of the claim for temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 24, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The Office of Judges committed no reversible error in finding that Dr. Weeks's opinion was more persuasive than that of Drs. Bailey and Mukkamala. Dr. Weeks is a foot/ankle specialist and has treated Mr. Hatfield's compensable injury since it occurred. He has consistently documented his pain, difficulty with balance, and range of motion issues. A preponderance of the evidence shows that Mr. Hatfield has not reached maximum medical improvement and requires ongoing treatment. Temporary total disability benefits are also proper since he continues to remain off of work due to his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

4

**ISSUED: November 1, 2019**


**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison